IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICAH FREEMAN, | |
| Petitioner, | 8:22CV21 |
| vs. | |
| DOUGLAS CTY PROSECUTOR, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before me on initial review of Petitioner Micah Freeman's ("Petitioner" or "Freeman") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] (Filing 1.) For the reasons discussed below, I will dismiss Freeman's petition without prejudice.

Freeman is a state pretrial detainee confined in the Douglas County Department of Corrections in Omaha, Nebraska. Freeman challenges his pretrial detention related to Case No. CR21-3760 in the District Court of Douglas County, Nebraska. (Filing 1 at CM/ECF pp. 1–2.) A search of Nebraska's state court records, available to this court online, shows an information was filed on November 10, 2021, in the Douglas County District Court charging Freeman with theft by unlawful taking, $5000 or more, a Class 2A felony; theft by receiving, $1500 to $5000, a Class 4 felony; and possession of burglar's tools, a Class 4 felony. On March 17, 2022, pursuant to a plea agreement, Freeman entered a plea of no contest to one amended count of attempted theft by unlawful taking and the State dismissed the other two counts. Freeman is currently scheduled to be sentenced on May 5, 2022. I take judicial notice of the state court records related to

---

[1] I conduct this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

this case in *State v. Freeman*, No. CR21-3760, District Court of Douglas County, Nebraska.[2] *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

Liberally construed, Freeman alleges violations of his Fourth Amendment rights based on a "lack of probable cause" and "false arrest." (Filing 1 at CM/ECF p. 6.) Freeman also alleges "lack of prosecution" and "malice by codefendants" based on "hearsay testimony" and the fact that he does not "know if they are being given a lesser sentence by the prosecution for there [sic] testimony against [him]." (Filing 1 at CM/ECF pp. 6–7.) As relief, Freeman asks for "punitive damages or trimable [sic] damages." (*Id*. at CM/ECF p. 8 (punctuation omitted).)

Freeman cannot seek an award of damages in this federal habeas action as claims for damages related to a prisoner's conditions of confinement must be sought in an action pursuant to 42 U.S.C. § 1983. As the United States Supreme Court has explained:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004).

To the extent Freeman does seek habeas relief, that is, release from confinement, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a

---

[2] Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing cases). Relatedly, "[i]n *Younger v. Harris*, [401 U.S. 37, 43–44 (1971)], the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).

Abstention here is appropriate because Freeman is involved with ongoing state court criminal proceedings and his allegations do not show that he exhausted his state court remedies. Specifically, I find that Freeman's assertions do not constitute "special" or "extraordinary" circumstances that require intervention by the court. *See, e.g.*, *Benson v. Superior Court Dept. of Trial Court of Mass.*, 663 F.2d 355 (1st Cir. 1981) (the specific double jeopardy claim alleged was not extraordinary given the lack of exhaustion). Because it "plainly appears from the petition . . . that [Freeman] is not entitled to relief," *see* Rule 4 of the *Rules Governing Habeas Corpus Cases*, I will dismiss the petition without prejudice.

Because "the detention complained of arises from process issued by a state court," Freeman must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*,

529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Freeman is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The court will enter judgment by separate document.

Dated this 31st day of March, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

4